KOLOR-THRU CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104016.   Promulgated August 29, 1941.

*Fred L. Rosenbloom, Esq.*, and *Joseph L. Lord, III, Esq.*, for the petitioner.
*Paul E. Waring, Esq.*, for the respondent.

1304

OPINION.

VAN FOSSAN: Petitioner claims a credit under section 26 (c) (1) of the Revenue Act of 1936,[1] by reason of a contract executed prior to May 1, 1936, prohibiting the payment of dividends during 1936. The contract in question was executed by the promoters of petitioner prior to petitioner's incorporation and is said to have been adopted by petitioner immediately upon its incorporation in December 1932. The question presented is whether a contract executed by the promoters of a corporation and subsequently adopted or ratified by that corporation can be said to have been executed by the corporation within the meaning of section 26 (c) (1) of the 1936 Act.

There is some doubt in the case at bar whether petitioner ever actually adopted or ratified the contract entered into by Armstrong and Sandura. No formal action was ever taken. The only evidence of adoption or ratification is the testimony that petitioner's directors considered petitioner bound by the contract and hence did not declare dividends until the required $25,000 surplus had been accumulated. Assuming, however, that the contract was adopted by it, petitioner is not entitled to the credit claimed.

Since section 26 (c) (1) is a provision granting a special credit, strict compliance with its terms must be shown. Cf. *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46; see *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. Petitioner has failed to show such strict compliance.

In *Airtherm Manufacturing Co.*, 43 B. T. A. 736, the petitioner was set up by the Machinery & Welder Corporation as the result of a written agreement between the principal creditor of the prior owner of petitioner's assets and the Machinery & Welder Corporation. We held that that agreement could not possibly satisfy the requirement of section 26 (c) (1), since Airtherm was not in existence at the time the contract was entered into. Likewise, in *Boeckeler Lumber Co.*, 43 B. T. A. 804, we held that a contract entered into by the lumber company's predecessor did not entitle the lumber company to a credit even though it had orally assumed the predecessor's liabilities under

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

     *      *      *      *      *      *      *

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.

the contract. In *Union Telephone Co.*, 44 B. T. A. 607, we held that a contract entered into by the taxpayer's parent corporation did not entitle the subsidiary to a credit even though the parent customarily acted for the subsidiary in such matters. With respect to the fact that the officers of the subsidiary considered it bound by the contract, we said: "The testimony to the effect that an officer of petitioner who was also an officer of the several holding companies considered the petitioner as bound by the contract to which it was not a party, is in no way controlling."

In the case at bar the contract in question was never executed by petitioner. The most that can be said is that petitioner by its actions ratified or adopted the contract and considered itself bound by it. That is not sufficient to entitle petitioner to the credit claimed.

*Decision will be entered for the respondent.*